STATE *ex rel* BOARD OF PUBLIC INSTRUCTION OF SARASOTA COUNTY, Petitioner, v. J. M. LEE, as State Comptroller, Respondent.

1 So. (2nd) 166

En Banc

Opinion Filed March 14, 1941

*James E. Kirk,* for Petitioner;

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondent.

BUFORD, J.—To alternative writ of mandamus addressed to Hon. J. M. Lee as Comptroller of the State of Florida, wherein it was commanded that he "as Comptroller of the State of Florida to forthwith make up, draw and sign your order on the Treasurer of the State of Florida for the sum of $7,000.00 and to deliver said order to said Board of Public Instruction of Sarasota County, Florida, after the same has been drawn as above required, or that you show cause before this Court on the 1st day of March, A. D. 1941, at 10 o'clock in the forenoon of said day, why you have not

complied with the terms of this writ" the respondent filed motion to quash.

One of the grounds of the motion to quash is, "That it is apparent from said writ that Chapter 17191, Laws of Florida, Acts of 1935, is a general Act, providing for distribution of the State racing fund of Sarasota County; that Chapter 16125, Laws of Florida, Acts of 1933, is also a general Act providing for the distribution of the same money, and that said Chapter 16125, Laws of Florida, Acts of 1933, provides for the distribution of said money in counties between sixteen thousand and not more than eighteen thousand four hundred according to the last Federal census, meaning the Federal census that shall have been last taken prior to the time, in each instance, of consideration and action said Act in its progressive application to the subject matter; and that Sarasota County having grown into said population brackets according to the last Federal census, that this Act has superseded and repealed Chapter 17191, Laws of Florida, Acts of 1935, because said Acts each provide for a different distribution of the same money and are therefore, in conflict."

It is not necessary for us to consider the other grounds.

Chapter 17191, Acts of 1935, is a local and special law applicable only to Sarasota County. The Act makes no appropriation but recognizes the appropriation of the race track fund as made by the general Acts of the Legislature, being Chapter 14832, Acts of 1931, and merely provides for the distribution of the county fund so appropriated to the county.

The record shows that the Act was passed in conformity with the provisions of Section 21, Article III of the Constitution. It is too well recognized to require citation of authorities that it is within the province of the Legislature to, by proper enactment, designate lawful county purposes

to which county funds may be devoted, or for which they may be expended, provided such finds have not been raised for a *particular* county purpose.

It is also well settled that the maintenance of county free schools is a proper county purpose.

So, our conclusion is that Chapter 17191, *supra,* is a valid Special Act for the benefit of Sarasota County.

It, therefore, follows that the motion to quash should be denied, that the respondent be allowed ten days in which to file return to the alternative writ and, failing to file such return within such period, the peremptory writ is awarded.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, THOMAS and ADAMS, J. J., concur.