Mr. Daniel J. Bosanko St. Johns County Assistant Attorney Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Bosanko:
You ask substantially the following questions:
1. Does the Board of County Commissioners of St. Johns County, a noncharter county, have the authority to control or regulate the expenses of a charter commission created pursuant to sections125.61 and 125.62, Florida Statutes?
2. May the board of county commissioners specify the conditions under which a position on the charter commission will be deemed vacant?
In sum:
1. Because the board of county commissioners is responsible for ensuring that the expenditure of county funds is appropriate, serves a county purpose and does not exceed the county budget, the board has sufficient control over the charter commission's expenditures to ensure that these requirements are met. The Legislature, however, has granted the charter commission the authority to incur those expenses necessary for its proper functioning.
2. Part II, Chapter 125, Florida Statutes, in prescribing the respective duties and responsibilities of the county commission and the charter commission, does not authorize the board of county commissioners to define what constitutes a vacancy on the charter commission or otherwise prescribe under what circumstances a member of the charter commission may be removed from office.
Question One
Part II of Chapter 125, Florida Statutes, contains the provisions of general law that are to be utilized by a noncharter county seeking to initiate and adopt a county home rule charter.[1]
Following the adoption of a resolution by the board of county commissioners or upon submission of a petition to the commission signed by at least 15 percent of the qualified electors of the county requesting the establishment of a charter commission, such a charter commission shall be appointed.[2]
Members of the charter commission are appointed by the board of county commissioners or, if so directed in the initiative petition, by the legislative delegation.[3] No member of the Legislature or of the board of county commissioners may serve as a member of the commission.[4]
The charter commission is charged with the responsibility of conducting a comprehensive study of the operation of county government and of the ways in which the conduct of county government might be improved or reorganized. After holding public hearings, the commission is required to present the proposed charter to the board of county commissioners within 18 months of its initial meeting unless such time is extended by appropriate resolution of the county commission.
Upon the charter commission's submission of the charter, the board of county commissioners is required to call a special election to determine by referendum whether the proposed charter shall be adopted. Upon acceptance or rejection of the proposed charter by the electors, the charter commission will be dissolved and all property of the charter commission becomes the property of the county.
Section 125.62(2), Florida Statutes, provides:
Expenses of the charter commission shall be verified by a majority vote of the commission forwarded to the board of county commissioners for payment from the general fund of the county. The charter commission may employ a staff, consult and retain experts, and purchase, lease, or otherwise provide for such supplies, materials, equipment and facilities as it deems necessary and desirable. The board of county commissioners may accept funds, grants, gifts, and services for the charter commission from the state, the Government of the United States, or other sources, public or private.
It is well recognized that it is within the province of the Legislature to designate, by proper enactment, lawful county purposes to which county funds may be devoted, or for which they may be expended, provided such funds have not been raised for a particular county purpose.[5]
The board of county commissioners, however, is responsible for ensuring that the expenditure of county funds is properly authorized, serves a county purpose and is not in excess of that authorized under the county budget.[6] I find nothing in Part II, Chapter 125, Florida Statutes, that abrogates that responsibility. Thus, to the extent necessary to carry out those responsibilities, the board of county commissioners may regulate the expenditures of the charter commission. However, the Legislature has granted the charter commission the authority to incur those expenses necessary for its proper functioning.
Question Two
As noted in Question One, the board of county commissioners is authorized to appoint the members of the charter commission unless the initiative petition requesting the creation of the charter commission specifies that the legislative delegation shall make such appointments. Vacancies on the charter commission "shall be filled within 30 days in the same manner as the original appointments."[7] You ask whether the county commission, rather than the charter commission, may specify the circumstances in which a vacancy occurs on the charter commission.
Part II, Chapter 125, Florida Statutes, prescribes the respective duties of the county commission and the charter commission. Nothing in the act provides for or otherwise authorizes the county commission to prescribe when a vacancy occurs on the charter commission or its members may be removed. While the county commission will, in most instances, be responsible for appointing the members of the charter commission, it is the charter commission, not the board of county commissioners, that is statutorily authorized to adopt such rules as it deems desirable for the charter commission's operation and proceedings.[8]
Accordingly, I am of the opinion that Part II, Chapter 125, Florida Statutes, in prescribing the respective duties and responsibilities of the county commission and the charter commission, does not authorize the board of county commissioners to define what constitutes a vacancy on the charter commission or otherwise prescribe under what circumstances a member of the charter commission may be removed from office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 125.60, Fla. Stat., stating that "[a]ny county not having a chartered form of consolidated government may, pursuant to the provisions of ss. 125.60-125.64, locally initiate and adopt by a majority vote of the qualified electors of the county a county home rule charter."
[2] Section 125.61(1), Fla. Stat. The statute requires the establishment of such a commission within 30 days of said resolution or the filing of said petition.
[3] Section 125.61(2), Fla. Stat. A charter commission is to be composed of an odd number of members, not less than 11 and not more than 15 members.
[4] Id.
[5] See, e.g., State ex rel. Board of Public Instruction of Sarasota County v. Lee, 1 So.2d 166 (Fla. 1941).
[6] See, s. 129.08, Fla. Stat., making members of the county commission liable for paying any illegal charges or incurring debts in excess of the expenditure allowed by law or county ordinance; s. 129.07, Fla. Stat., making it unlawful for the board of county commissioners to exceed the county budget.
[7] Section 125.61(2), Fla. Stat.
[8] Section 125.62(1), Fla. Stat.